IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JARON DEAN, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3124 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 12, the Objection to Motion to Dismiss filed by the petitioner, JaRon Dean. In filing no. 12, the petitioner objects to the Motion for Summary Judgment in which the respondent seeks dismissal of Mr. Dean's Petition for Writ of Habeas Corpus as barred by the statute of Limitations. See 28 U.S.C. § 2244(d). In objecting to the respondent's Motion, the petitioner states that much of the delay between the date his conviction became final and the date he filed his habeas corpus petition in this court is attributable to the impediments created by the policies and practices of the Nebraska Department of Correctional Services ("DCS") and DCS employees in denying inmates access to legal materials and assistance. The petitioner's Objection, construed liberally, asserts that the untimeliness of his habeas corpus petition is justified or excused pursuant to 28 U.S.C. § 2244(d)(1)(B) and/or the principles of equitable tolling.

Impediment

28 U.S.C. § 2244(d)(1)(B) postpones the commencement of the limitations period during the time a state-created unconstitutional "impediment" prevents a petitioner from filing a habeas petition. In other words, § 2244(d)(1)(B) allows an application for a writ of habeas corpus to be filed in federal court within one year from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

Equitable Tolling

Because the one-year time limit contained in 28 U.S.C. § 2244(d) is a statute of limitations rather than a jurisdictional bar, equitable tolling may apply, if appropriate. Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time .... Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction ...." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 122 S.Ct. 145 (2001). "[E]quitable tolling affords the otherwise

1

time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

The respondent should be required to address the matters raised by the petitioner in filing no. 12. Therefore, by **August 25, 2005**, the respondent shall file a brief in response to the petitioner's Objection (filing no. 12), and by **September 25, 2005**, the petitioner may reply to the respondent's brief and present any additional arguments he may wish to make regarding the respondent's Motion for Summary Judgment. Thereafter, the respondent's Motion for Summary Judgment and the petitioner's Objection will be resolved by Chief Judge Joseph F. Bataillon on the basis of the record and the parties' briefs.

SO ORDERED.

DATED this 28th day of May, 2005.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge