IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JaRON DEAN, | ) | |
| | ) | |
| Petitioner, | ) | 4:05CV3124 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 9, the respondent's Motion for Summary Judgment, and filing no. 12, the petitioner's Objection to the respondent's motion. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), JaRon Dean alleges violations of his civil rights in connection with his conviction in the District Court of Lancaster County, Nebraska, in 1993, for second degree murder and use of a firearm to commit a felony. The facts of the petitioner's case are reported in the decisions by the Nebraska Supreme Court (1) denying the petitioner's direct appeal in State v. Dean, 523 N.W.2d 681 (Neb. 1994), and (2) affirming the denial of postconviction relief in State v. Dean, 645 N.W.2d 528 (Neb. 2002).

In filing no. 9, the respondent contends that the statute of limitations set forth in 28 U.S.C. § 2244(d) expired before the petitioner filed his § 2254 petition in this court on May 19, 2005, and that Dean's § 2254 petition is, therefore, barred as untimely. The petitioner argues that his § 2254 petition is not untimely either because an unconstitutional state-created "impediment" postponed the commencement of the statute of limitations or because the principles of equitable tolling apply and delayed the deadline for filing his § 2254 petition in this court.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d) states:

   (1)   A 1-year period of limitation shall apply to an application for a writ of

1

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

>    (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal district court begins to run on the date the challenged state-court judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A); Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999). After the Nebraska Supreme Court denied the petitioner's direct appeal on November 18, 1994, in State v. Dean, 523 N.W.2d 681 (Neb. 1994), the petitioner's direct appeals concluded and became final on June 5, 1995, when the United States Supreme Court denied his petition for writ of certiorari in Dean v. Nebraska, 515 U.S. 1123 (1995).

## Grace Period

State prisoners, like the petitioner, whose convictions became final before enactment of the AEDPA in 1996 received a one-year grace period from the AEDPA's effective date to file their § 2254 petitions in federal court. The one-year grace period

began on April 24, 1996 and, unless extended or tolled in a particular case, expired on April 24, 1997. Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001); Mills v. Norris, 187 F.3d 881, 882 (8th Cir. 1999).

As the petitioner's conviction became final before the AEDPA's effective date, he received the benefit of the AEDPA grace period. Therefore, the AEDPA statute of limitations began to run in the petitioner's case on April 24, 1996 and expired on April 24, 1997, unless extended or tolled in the interim between April 24, 1996 and April 24, 1997.

### Tolling of the Limitations Period

28 U.S.C. § 2244(d)(2) directs that the one-year statute of limitations shall be tolled while a habeas corpus petitioner exhausts any available state postconviction remedies. See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001). In calculating the limitations period, § 2244(d)(2) provides that "[t]he time during which a properly filed application for State postconviction or other collateral review ... is pending shall not be counted." (Emphasis added.)

The petitioner first sought collateral review of his conviction in the state courts on June 19, 2000, when he filed his first motion pursuant to the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 *et seq*. However, by that time, the deadline for asserting the petitioner's claims in a § 2254 petition in federal court had previously expired on April 24, 1997. Therefore, the petitioner's postconviction proceeding in state court did not toll or revive the previously expired AEDPA limitations period. See Painter v. Iowa, 247 F.3d 1256 (8th Cir. 2001) (once the AEDPA's one-year limitations period has ended, exhaustion of state remedies, even if timely under state law, does not extend, toll, or reset the deadline for filing a federal habeas corpus petition). The same is true for the petitioner's second postconviction proceeding filed on December 11, 2002. Once again, state court proceedings initiated after expiration of the AEDPA statute of limitations for bringing a § 2254 petition in federal court cannot revive, toll or reset the AEDPA limitations period for a federal habeas corpus petition.

### State-Created Impediment and Equitable Tolling

The petitioner has been in the custody of the Nebraska Department of Correctional Services ("DCS") since 1993. He contends that his lack of access to an adequate law

3

library and legal aides to assist him in performing legal research entitles him to an extension of the AEDPA's limitations period pursuant to either 28 U.S.C. § 2244(d)(1)(B) or the principles of equitable tolling.

Impediment

28 U.S.C. § 2244(d)(1)(B) postpones the commencement of the AEDPA's limitations period during the time a state-created unconstitutional "impediment" prevents a petitioner from filing a habeas corpus petition.  In other words, 28 U.S.C. § 2244(d)(1)(B) allows an application for a writ of habeas corpus to be filed in federal court within one year from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

Equitable Tolling

Because the one-year time limit contained in 28 U.S.C. § 2244(d) is a statute of limitations rather than a jurisdictional bar, equitable tolling may apply, if appropriate. Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001).  However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time .... Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction ...."  Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 519 U.S. 1083 (2001).  "[E]quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief."  Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

Lack of Meaningful Access to Legal Materials

The petitioner asserts that his delay in filing a § 2254 petition after his conviction became final on June 5, 1995, and before the AEDPA statute of limitations expired on April 24, 1997, is attributable to the failure by DCS to provide him with meaningful access to the courts.  The petitioner cites Bounds v. Smith, 430 U.S. 817, 828 (1977), for the principle that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."

4

While the petitioner acknowledges that DCS prisons maintain law libraries, he complains that the libraries require "self-help," and that because of his lack of training in the law, he was overwhelmed. According to the petitioner, the prisons offer no persons trained in the law to assist inmates in preparation of papers or able to teach inmates how to use the law library.

The respondent notes that the petitioner spent much of the relevant period in segregation because of misconduct violations, and that a petitioner must act with due diligence to invoke the doctrine of equitable tolling. See, e.g., Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998): Equitable tolling requires the petitioner to "show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'" (Citation omitted.) The petitioner counters that none of his misconduct violations arose from misuse of the law library.

The petitioner misconstrues Bounds v. Smith,[1] which requires that corrections officials provide inmates with adequate legal assistance, such as access to adequate law libraries **or** the aid of persons trained in the law. The respondent has presented evidence that the DCS law libraries actually contain an extensive array of relevant legal materials (see Attachment 15 to filing no. 19).

The Eighth Circuit and other Courts of Appeals have ruled that an inmate's lack of notice concerning the AEDPA statute of limitations does not warrant equitable tolling of the habeas statute of limitations. See, e.g., Baker v. Norris, 321 F.3d 769, 772 (8th Cir.), cert. denied, 539 U.S. 918 (2003); Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001); Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). Those decisions rest on the principle, among others, that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing. E.g., Baker v. Norris, 321 F.3d at 772: "Prisoners are not exempt

---

[1]In addition, the Supreme Court limited Bounds in Lewis v. Casey, 518 U.S. 343 (1996), stating that legal assistance is a right only to the extent necessary to provide meaningful access to the courts, and violation of a right of access is established only when the failure to provide an adequate legal library or assistance causes "actual injury" to a prisoner's contemplated or existing litigation. Id. at 350-52.

5

from the principle that everyone is presumed to know the law and is subject to the law whether or not he is actually aware of the particular law of which he has run afoul." Accord Marsh, 223 F.3d at 1220, and Felder, 204 F.3d at 172 ("ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing").[2]

The Eighth Circuit has reiterated, with respect to equitable tolling of the deadline for § 2254 petitions, "that '[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (citation omitted) (pro se prisoner's lack of legal knowledge did not suffice for equitable tolling). "Generally, such circumstances must be external to the petitioner, and we have held, at least in one instance, that even a claim of actual innocence was not sufficient to toll the statute of limitations." Id. (Citation omitted.) If the petitioner had promptly filed a habeas petition, he could have informed the court of his limited ability to perform legal research and the restrictions on his access to the prison library while in segregation. The court, upon request, would have granted liberal extensions of time and opportunities to amend, and, in an extraordinary case, could have appointed counsel under the Criminal Justice Act.

In fact, the petitioner would not have had to file a federal § 2254 petition by April 24, 1997, if he had diligently pursued his state postconviction remedies, which would have tolled the AEDPA deadline. That the petitioner did not fully comprehend the remedies available to him does not constitute the kind of extraordinary circumstance beyond his control necessary to avoid the limitations period.

As the Supreme Court stated in Duncan v. Walker, 533 U.S. 167, 179 (2001): "The 1-year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments .... This provision reduces the potential for delay on the

---

[2]In fact, even "[i]neffective assistance of counsel generally does not warrant equitable tolling." See, e.g., Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002), cert. denied, 539 U.S. 933 (2003). Accord Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999): "[F]orcing the defendant to defend against the plaintiff's stale claim is not a proper remedy for negligence by the plaintiff's lawyer."

road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."   See also Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003), *quoting* Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002), cert. denied,  537 U.S. 1236 (2003):  "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."

I conclude that the petitioner's lack of knowledge and experience regarding use of the legal research materials available to him does not constitute the kind of extraordinary circumstance beyond the petitioner's control necessary for equitable tolling of the AEDPA limitations period.  Also, the absence of persons available to teach the petitioner how to use the legal materials available in the prison library does not constitute the kind of "impediment" contemplated by 28 U.S.C. § 2244(d)(1)(B).

IT IS THEREFORE ORDERED:

1. That filing no. 9, the respondent's Motion for Summary Judgment, is granted;

2. That filing no. 12, the petitioner's Objection to the respondent's motion, is overruled;

3. That filing no. 17, the petitioner's Motion for Production of Documents is denied as moot in light of filing no. 18, the respondent's representation that the documents have been delivered to the petitioner;

4 That the Petition for Writ of Habeas Corpus filed by JaRon Dean is denied and dismissed with prejudice; and

5. That a separate judgment will be entered accordingly.

DATED this 12th day of January, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge